967 A.2d 284

STEPHANIE M. HIRL, A MINOR, BY HER GUARDIAN AD LITEM, SUZANNE HIRL, PLAINTIFF–RESPONDENT, v. BANK OF AMERICA, N.A., DEFENDANT–APPELLANT.

SUZANNE F. HIRL, PLAINTIFF–RESPONDENT, v. BANK OF AMERICA, N.A., DEFENDANT–APPELLANT.

Argued March 10, 2009—Decided April 1, 2009.

*Michael T. Collins,* argued the cause for appellant (*Sodini & Spina,* attorneys; Iselin, *Gregg S. Sodini,* Edison, on the brief).

*Edward M. Thompson,* Atlantic City, argued the cause for respondents (*Callaghan Thompson & Thompson,* attorneys).

PER CURIAM.

We granted certification to decide whether the New Jersey Electronic Fund Transfer Privacy Act, *N.J.S.A.* 17:16K–1 to –6, applies to any account with electronic funds transfer capability regardless of whether there has been an actual electronic fund transfer. *Hirl v. Bank of Am., N.A.,* 196 *N.J.* 597, 960 *A.2d* 393 (2008). The specific issue relates to the scope of an authorized disclosure of "information relative to an electronic fund transfer or account to a third party" under *N.J.S.A.* 17:16K–3. Plaintiff contends that the statute applies to any "account," as defined in *N.J.S.A.* 17:16K–2(b), whereas the bank contends that it applies only to an actual "electronic fund transfer," as defined in *N.J.S.A.* 17:16K–2(c).

We conclude that, in the context of the Electronic Fund Transfer Privacy Act, the word "account" cannot be isolated from the phrase "electronic fund transfer." Nor can the word "account" be read so as not to exist within the disclosure authorization of *N.J.S.A.* 17:16K–3. We therefore agree with the Appellate Division that *N.J.S.A.* 17:16K–3 permits a financial institution to

"disclose information to a third party as prescribed by the statute relative to an electronic fund transfer or an account with electronic fund transfer capability as elected by the consumer." *See Hirl v. Bank of Am., N.A.,* 401 *N.J.Super.* 573, 584, 952 *A.*2d 479 (App. Div.2008). Accordingly, we adopt the Appellate Division's construction of the Act and *N.J.S.A.* 17:16K–3 substantially for the reasons expressed in its opinion.

Given the limited question on which certification was granted, we do not address or comment on the other issues considered by the Appellate Division. The judgment is affirmed, and the matter is remanded to the trial court for further proceedings consistent with the opinion of the Appellate Division.

*For affirmance and Remandment*—Chief Justice RABNER and Justices LaVECCHIA, RIVERA–SOTO, HOENS and STERN (temporarily assigned)—5.

*Opposed*—None.